

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–14–892

| | |
|---|---|
| KENNETH O. NEWTON<br>APPELLANT | **Opinion Delivered** June 17, 2015 |
| V. | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. CR–10–11] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE HAMILTON H. SINGLETON, JUDGE |
| | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED WITHOUT PREJUDICE |

**RAYMOND R. ABRAMSON, Judge**

This is a no-merit appeal from the revocation of Kenneth O. Newton's suspended imposition of sentence. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals, Newton's counsel has filed a motion to withdraw on the grounds that the appeal is without merit. The motion was accompanied by an abstract, brief, and addendum purporting to list all adverse rulings and to explain why each adverse ruling is not a meritorious ground for reversal. The clerk of this court furnished Newton with a copy of his counsel's brief and notified him of his right to file pro se points. Newton has filed pro se points for reversal, and the State has filed a response. We deny counsel's motion to withdraw and remand the case to the circuit court to settle the record.

SLIP OPINION

On May 6, 2010, Newton pled guilty to possession of a controlled substance in the Union County Circuit Court. The court sentenced him to fifteen years' imprisonment in the Arkansas Department of Correction ("ADC") with an additional ten years' suspended imposition of sentence. The conditions of his suspended sentence included that Newton not commit a criminal offense punishable by incarceration and not use, sell, distribute, or possess any controlled substance.

On April 8, 2014, the State filed a petition to revoke Newton's suspended sentence, alleging that on February 5, 2014, Newton violated the conditions of his suspended sentence by committing the offenses of possession of a controlled substance; possession of drug paraphernalia; resisting arrest; no liability insurance; and no seat belt.

On May 15, 2014, the court held a revocation hearing. At the hearing, Sergeant Andrew Lovett testified that on February 5, 2014, he arrested Newton for driving without a valid driver's license and resisting arrest. After he arrested Newton, he searched Newton's car and found weight scales and a glass case containing a substance that appeared to be crack cocaine. He then submitted the substance to investigators, and the substance tested positive for cocaine. After Sergeant Lovett's testimony, the State rested. Newton called no witnesses. The circuit court then orally granted the State's petition to revoke Newton's suspended sentence and stated that it was satisfied "well beyond a preponderance of the evidence, and in this particular case, beyond a reasonable doubt, that [Newton] violated the terms and conditions of his [s]uspended [i]mposition of [s]entence."

Thereafter, on July 9, 2014, the circuit court entered a sentencing order indicating that

2

on May 15, 2014, Newton was found guilty by the court and was sentenced by the court, but the order additionally indicates that Newton voluntarily, intelligently, and knowingly entered a guilty plea directly to the court. The Union County prosecutor also filed a short report of circumstances on July 29, 2014, that states that Newton "appeared on May 15, 2014 before Hamilton H. Singleton and pled guilty to the [p]etition to [r]evoke [p]robation. The plea was accepted." Thus, it is unclear to this court whether the circuit court found at the May 15, 2014 hearing that Newton violated the terms and conditions of his suspended sentence, or whether Newton pled guilty at that hearing.

Accordingly, we remand this case for the record to be settled within thirty days of the date of this order, and we order rebriefing. Counsel is directed to file an abstract, brief, and addendum within fifteen days of the supplemental record being filed. After the filing of the substituted brief, counsel's motion and brief will be forwarded by our clerk to Newton so that, within thirty days, he again will have the opportunity to raise pro se points. The State will likewise be given the opportunity to file a responsive brief. We encourage the parties to carefully examine the record and review our rules to ensure that no additional deficiencies are present.

Remanded to settle the record and supplement; rebriefing ordered; motion to withdraw denied without prejudice.

GRUBER and HOOFMAN, JJ., agree.

*N. Mark Klappenbach*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.