

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–14–892

| | |
|---|---|
| KENNETH O. NEWTON<br>**APPELLANT**<br><br>V.<br><br>STATE OF ARKANSAS<br>**APPELLEE** | **Opinion Delivered** January 6, 2016<br><br>APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. CR–10–11]<br><br>HONORABLE HAMILTON H. SINGLETON, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED IN PART FOR CORRECTED SENTENCING ORDER |

## RAYMOND R. ABRAMSON, Judge

This is a no–merit appeal from the revocation of Kenneth Newton's suspended sentence. On May 6, 2010, Newton pled guilty to possession of a controlled substance in the Union County Circuit Court. The court sentenced him to 180 months' imprisonment in the Arkansas Department of Correction ("ADC") with an additional 120 months' suspended sentence. The terms and conditions of his suspended sentence included that Newton not commit a criminal offense punishable by incarceration and not use, sell, distribute, or possess any controlled substance. On April 8, 2014, the State filed a petition to revoke Newton's suspended sentence alleging that on February 5, 2014, Newton violated the terms and conditions of his suspended sentence by committing the offenses of possession of a controlled substance; possession of drug paraphernalia; resisting arrest; no liability insurance; and no seat

belt.

On May 14, 2014, the court held a revocation hearing. At the hearing, Sergeant Andre Lovett testified that on February 5, 2014, he arrested Newton for driving without a valid driver's license and resisting arrest. He stated that, after he arrested Newton, he searched Newton's car and found a glass case containing a substance that appeared to be crack cocaine and weight scales. He noted that he submitted the substance to investigators and that the substance tested positive for cocaine. Following Sergeant Lovett's testimony, the State rested. Newton called no witnesses. The court then found Newton in violation of the terms and conditions of his suspended sentence. The court pronounced a sentence of 180 months' imprisonment.

On July 9, 2014, the court entered an order sentencing Newton to 180 months' imprisonment. The written order indicated that Newton had been found guilty by the court, but the order additionally indicated that Newton had entered a guilty plea directly to the court. The prosecutor also entered a report on July 9, 2014, that stated that Newton had entered a guilty plea at the revocation hearing.

Following the entry of the sentencing order, Newton's counsel filed a no-merit brief and a motion to withdraw on the ground that an appeal would be wholly without merit. On June 17, 2015, this court remanded the case for the record to be settled because the written order and the prosecutor's report erroneously stated both that Newton had entered a guilty plea and that the court had found him guilty at the revocation hearing. *Newton v State*, 2015 Ark. App. 375.



Following remand, the circuit court filed an amended order on July 8, 2015, again sentencing Newton to 180 months' imprisonment but also adding 120 months' suspended sentence. Further, like the July 9, 2014 order, the amended order erroneously indicated both that Newton had entered a guilty plea and that the court had found him guilty at the revocation hearing. However, the prosecutor filed an amended report on July 8, 2015, confirming that the court had found Newton guilty at the revocation hearing.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals, Newton's counsel has filed a second no-merit brief and a second motion to withdraw on the ground that the appeal is without merit. His counsel's motion was accompanied by a brief referring to everything in the record that might arguably support an appeal, including a list of all rulings adverse to Newton made by the trial court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The clerk of this court furnished Newton with a copy of his counsel's brief and notified him of his right to file pro se points. Newton has filed pro se points for reversal. In his points, Newton contends that (1) the evidence is insufficient to support revocation, (2) his attorney was ineffective, (3) his revocation hearing was untimely, and (4) his sentence reflected in the most recent sentencing order does not reflect the sentence pronounced by the circuit court at the revocation hearing and the sentence in the original sentencing order.

We note our duty in a no-merit appeal to fully examine the proceedings in order to decide if an appeal would be wholly frivolous. *Tijerina-Palacios v. State*, 2012 Ark. App. 444.


From our review of the record and the brief presented to us, we find that counsel has complied with the requirements of Rule 4–3(k)(1) and hold that there is no merit to this appeal. Newton's arguments concerning the ineffective assistance of his counsel and the timing of his revocation hearing were not raised below and, thus, are not preserved for our review. *See Breeden v. State*, 2013 Ark. 145, 427 S.W.3d 5; *Johnson v. State*, 2011 Ark. App. 590. Further, as to the sufficiency of the evidence, Sergeant Lovett's uncontroverted testimony supports the revocation. Accordingly, counsel's motion to withdraw is granted, and the revocation is affirmed.

Although we affirm Newton's revocation, there are two errors in the sentencing order that must be addressed. First, following our remand on June 17, the circuit court failed to correct the sentencing order to delete the indication that Newton had entered a guilty plea. The record demonstrates, and the amended prosecutor's report confirms, that Newton was found guilty by the court at the revocation hearing. Second, as Newton points out in his pro se points, following our remand, the circuit court imposed an additional 120 months' suspended sentence that was not pronounced at the revocation hearing and that was not included in the original sentencing order. It is apparent to us that the two errors are scrivener's errors. *Riley v. State*, 2011 Ark. App. 511, 385 S.W.3d 355. A circuit court can enter an order nunc pro tunc at any time to correct clerical errors in a judgment or order. *Id*. Accordingly, we remand in part for entry of a nunc pro tunc order to make the sentencing order reflect that the court found Newton guilty at the revocation hearing and to delete the additional 120 months' suspended sentence.

SLIP OPINION

Affirmed; motion to withdraw granted; remanded in part for corrected sentencing order.

VIRDEN and WHITEAKER, JJ., agree.

*N. Mark Klappenbach*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.