Terry WELLS and Larry HOWARD *v.* STATE of Arkansas

CR  84-157                                    684 S.W.2d 248

Supreme Court of Arkansas
Opinion delivered February 18, 1985

*Thomas A. Martin,* for appellants.

*Steve Clark,* Att'y Gen. by: *Joyce Rayburn Green,* Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. This is another in a series of appeals concerning the Omnibus DWI Act. Terry Wells and Larry Howard were separately charged and tried in municipal court for driving while intoxicated but were jointly tried and found guilty, on appeal to the Boone County Circuit Court. Wells was convicted of DWI, third offense, and sentenced to a year in prison with all but 90 days suspended, a $1,000 fine, and revocation of his driver's license for two years. Howard was convicted of DWI, first offense, and sentenced to 60 days in jail, all of which was suspended. He was fined $250 and his driver's license was suspended for 90 days. We affirm the judgments.

Two questions are presented with regard to the Act that we have not yet answered. The first issue is whether Ark. Stat. Ann. § 75-1031.1 (c) (Supp. 1983) requires the state to produce in court the Arkansas State Health Department official who certifies the breathalyzer machine. The answer is no. The statute provides:

> The chemical analysis referred to in this section shall be made by a method approved by the State Board

of Health. The method approved may be proved by a certificate duly acknowledged by a representative of the State Board of Health and said certificate shall be admissible per se in any criminal prosecution and shall not be subject to any objections on grounds of heresay [hearsay]. Provided, however, the machine performing the chemical analysis shall have been duly certified at least once in the last three [3] months preceding arrest and the operator thereof shall have been properly trained and certified. Provided further, the person calibrating the machine and the operator of the machine shall be made available by the State for cross-examination by the defendant or his counsel of record upon reasonable notice to the prosecuting attorney.

The state offered the testimony of the police officer who calibrated the machine in both cases. The defense insisted that the statutes required the state health official to be present who certified the machine. We find no such requirement. In fact the statute allows certification to be proven with the certificate itself. That was not done in this case, but the appellants did not object below to the absence of the certificates; instead, they only argued that the official must be present. On appeal the argument is somewhat altered to object to the lack of the certificate. We do not reach arguments on appeal not made below. *Swaite* v. *State*, 274 Ark. 154, 623 S.W.2d 176 (1981).

The other question is whether a defendant has the right to counsel at the time the breathalyzer test is taken. The appellants argue that the test is a "critical stage" of the prosecution requiring presence of counsel.

The right to counsel guaranteed by the Sixth Amendment to the United States Constitution applies to all critical stages of a criminal proceeding. *United States* v. *Wade*, 388 U.S. 218 (1967). *Wade* held that pretrial procedures must be scrutinized to determine the potential for prejudice to the defendant and whether counsel's presence could help avoid that prejudice. The Supreme Court held that while a post-indictment lineup is a critical stage, requiring that an accused be given the right to counsel, certain scientific tests are not such stages. The Court stated:

The Government characterizes the lineup as a mere preparatory step in the gathering of the prosecution's evidence, not different — for Sixth Amendment purposes — from various other preparatory steps such as systematized or scientific analyzing of the accused's fingerprints, blood sample, clothing, hair, and the like. We think there are differences which preclude such stages being characterized as critical stages at which the accused has the right to the presence of his counsel. Knowledge of the techniques of science and technology is sufficiently available, and the variables in techniques few enough, that the accused has the opportunity for a meaningful confrontation of the Government's case at trial through the ordinary process of cross-examination of the Government's expert witnesses and the presentation of his own experts. The denial of a right to have his counsel at such analyses does not therefore violate the Sixth Amendment; they are not critical stages since there is minimal risk that his counsel's absence at such stages might derogate from his right to a fair trial.

In *Holmberg v. 54-A Judicial Dist. Judge,* 60 Mich. App. 757, 231 N.W.2d 543 (1975), the appellant argued that the denial of his request for counsel before being given a breathalyzer test violated his constitutional rights. The Court of Appeals of Michigan found, as we do, that there was no constitutional right to counsel before a breathalyzer test is given.

Affirmed.