2013 Ark. App. 408

**Eric CASTRELLON, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR–12–975.**

Court of Appeals of Arkansas.

June 19, 2013.

Jeff Rosenzweig, for appellant.

Dustin McDaniel, Att'y Gen., by: Leaann J. Adams, Ass't Att'y Gen., for appellee.

PHILLIP T. WHITEAKER, Judge.

Appellant Eric Castrellon was charged with one count of second-degree sexual assault over allegations that he engaged in sexual contact with a twelve-year-old girl. Prior to trial, Castrellon filed a motion for supplemental discovery, asserting that he believed the accuser had undergone some form of mental health treatment or counseling and that the records of her treatment had not been provided to him. Following a hearing and briefs on the issue, the circuit court denied the motion. The court did, however, conduct an in camera review of the records, and it informed the parties at a hearing that it did not find anything in the records that would be considered exculpatory or *Brady* material. *See Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

The matter proceeded to trial, and a jury found Castrellon guilty of second-degree sexual assault. The jury recommended sentencing Castrellon to five years' probation, and the circuit court accepted the jury's recommendation. On appeal, he argues that the circuit court erred in denying his motion for directed verdict and in denying him access to the accuser's medical, psychological, and counseling records. We find no error and affirm.

In his first point on appeal, Castrellon challenges the circuit court's denial of his directed-verdict motion. On appeal, we treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Paschal v. State,* 2012 Ark. 127, 388 S.W.3d 429; *Smoak v. State,* 2011 Ark. 529, 385 S.W.3d 257. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct

or circumstantial. *Paschal, supra.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.*

A person commits the offense of second-degree sexual assault if he, being eighteen years of age or older, engages in sexual contact with another person who is less than fourteen years of age and not the person's spouse. Ark.Code Ann. § 5–14–125(a)(3) (Supp.2011). "Sexual contact" is defined as "any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female." Ark.Code Ann. § 5–14–101(10) (Supp.2011). On appeal, Castrellon does not deny that he was over the age of eighteen or that his victim was under the age of fourteen. Rather, he contends that the evidence was lacking that he engaged in "sexual contact" because there was no proof that his actions were for the purpose of sexual gratification.

The victim in this case, twelve-year-old H.C., testified at trial that Castrellon was an old family friend of her father's, as well as her pastor. On the night of the events in question, H.C. spent the night with Castrellon's children, A.C. and J.C., who were her friends. The girls all went to sleep in A.C.'s bunk bed. At some point during the night, H.C. stated that she woke up, opened her eyes, and saw Castrellon. She felt him "rubbing on [her] vaginal region" over her clothes. H.C. said she did not know how long the rubbing had been going on before she opened her eyes, but it stopped after she woke up.

Castrellon's wife testified that, on the night in question, she asked Castrellon to go into the girls' bedroom and check to see if their five-year-old daughter had wet the bed. She said that she did not tell Castrellon that they had company that night. Castrellon also testified that he had no idea that H.C. was in the house that night. He subsequently stated, however, that he came home late that night and recognized that his wife was tired because she had "the four kids, plus H.C." that day.

Castrellon testified that he went in the bedroom to check whether the five-year-old had wet the bed. He said that he "just felt around to see if [he] could feel wetness," but then he saw a "bigger leg" and realized that H.C. was in his daughter's bed. He thought H.C. was asleep, so he left the room and did not say anything to anyone because it would have been "awkward." Castrellon denied knowing who he was touching at the time. He noted that he had been around H.C. many times after that, and her behavior did not lead him to think that she was afraid of him or that he had done anything to her.

On appeal, Castrellon concedes that the touching happened, but he contends that it was accidental and not done for the purpose of sexual gratification. Castrellon argues that "most of the cases" discussing whether an act was for the purpose of sexual gratification involve either penetration or "some other obviously non-accidental activity." Our supreme court, however, has repeatedly held that, in cases of sexual abuse, the jury can assume that the defendant had sexual contact with the victim for the purpose of sexual gratification, and it is not necessary for the State to directly prove that he was so motivated.[1] *Brown v. State*, 2010 Ark. 420, 378

---

1. Castrellon raises a brief argument on appeal that this assumption unconstitutionally shifts

S.W.3d 66; *Bryant v. State*, 2010 Ark. 7, 377 S.W.3d 152; *Holbert v. State*, 308 Ark. 672, 826 S.W.2d 284 (1992) (affirming sexual-abuse conviction where defendant grabbed the victim between the legs and there was no evidence of penetration).

Castrellon describes the circumstances of the touching as "ambiguous" and asserts that his actions should not have been interpreted as being for sexual gratification.[2] H.C. unambiguously testified, however, that Castrellon was "rubbing on [her] vagina." A sexual-assault victim's testimony may constitute substantial evidence to sustain a conviction for sexual assault. *Brown v. State*, 374 Ark. 341, 288 S.W.3d 226 (2008). The victim's testimony need not be corroborated, and the victim's testimony alone, describing the sexual contact, is enough for a conviction. *Colburn v. State*, 2010 Ark. App. 587, 2010 WL 3582441. The credibility of witnesses is a matter for the jury's consideration. *Tryon v. State*, 371 Ark. 25, 263 S.W.3d 475 (2007). Even where the defendant denies the allegations, the credibility and weight of the evidence are issues properly left to the fact-finder. *Estrada v. State*, 2011 Ark. 3, 376 S.W.3d 395. The jury in this case chose to believe H.C. Her testimony, standing alone, constituted substantial evidence to sustain Castrellon's conviction.

In his second point on appeal, Castrellon argues that the circuit court should have allowed him access to H.C.'s counseling records, contending that the court erred in finding that the materials were privileged. The standard of review for the circuit court's decisions in such matters is whether the court abused its discretion. *See Johnson v. State*, 342 Ark. 186, 207, 27 S.W.3d 405, 418 (2000) (Brown, J., dissenting) ("Certainly the extent of any waiver of a privilege must be reviewed by this court on a case-by-case basis for an abuse of discretion.") (citing *Schaefer v. State*, 695 So.2d 656 (Ala.Crim.App.1996)).

Castrellon sought access to H.C.'s medical, psychological, and counseling records on the basis that they might contain statements by H.C. that contradicted the allegations she had made against him. The circuit court initially denied Castrellon's motion outright, but it later agreed that it would review the records in camera to determine whether there was any exculpatory evidence contained therein. After conducting that review, the court did not find any such information. The court stated that there was no renunciation of H.C.'s allegations in her records, but it also agreed that, if her trial testimony was inconsistent with her medical records, the court would "turn that over ... to the prosecutor and the defense for that limited section of it." The court ultimately concluded, however, that there was "nothing based on my information to this point that there's anything that I find exculpatory to the defense."

On appeal, Castrellon first urges that, under *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), he was entitled to an in camera review of the allegedly privileged information to determine whether the ma-

the burden of proof to the defendant. This argument, however, was not made below, and we therefore do not consider it on appeal. *Seals v. State*, 2013 Ark. App. 326, 2013 WL 2112237.

2. Castrellon also asserts that the jury viewed a video that showed him brushing hair out of H.C.'s eyes and complains that his actions were "given a retroactively sinister implication." The video, however, was introduced without objection by Castrellon, so he cannot be heard to complain about it for the first time on appeal. *Owens v. State*, 2011 Ark. App. 763, 387 S.W.3d 250.

terials contained any exculpatory evidence. The circuit court here conducted the in camera review afforded by *Ritchie.* Castrellon appears to contend that he was entitled to review the allegedly privileged information himself. His argument, however, misapprehends the holding of *Ritchie.* In *Ritchie,* the Supreme Court held that a "defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [State's] files." 480 U.S. at 59, 107 S.Ct. 989. Rather, a defendant's "interest (as well as that of the [State]) in ensuring a fair trial can be protected fully by requiring that the [privileged] files be submitted only to the trial court for an in camera review." *Id.* at 60, 107 S.Ct. 989. Castrellon received the relief afforded by *Ritchie,* and we therefore find no error.

Castrellon also argues that the circuit court erred in finding that H.C.'s medical records were privileged. Arkansas Rule of Evidence 503(b) (2012) provides as follows:

> A patient has a privilege to refuse to disclose and to prevent any other person from disclosing his medical records or confidential communications made for the purpose of diagnosis or treatment of his physical, mental or emotional condition, including alcohol or drug addiction, among himself, physician or psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patient's family.

Rule 503(d)(3)(A), however, sets out an exception to Rule 503(b), stating that there is "no privilege under this rule as to medical records or communications relevant to an issue of the physical, mental, or emotional condition of the patient in any proceeding in which he or she relies upon the condition as an element of his or her claim or defense." Castrellon appears to assert that he was entitled to access to H.C.'s records under this exception.

Castrellon acknowledges that our supreme court has held that Rule 503(d)(3)(A) "clearly anticipates that the privilege is inapplicable only as to a *party* to a proceeding who brings his or her own physical, mental, or emotional condition into issue." *Johnson,* 342 Ark. at 195, 27 S.W.3d at 411 (emphasis in original). Thus, where a witness is not a party to the proceedings and does nothing to bring her own emotional condition into issue, she may properly assert her patient-physician privilege. *Id.*

The supreme court extended this reasoning to hold that the victim of the crime being prosecuted is not a party to a criminal proceeding and does not have a claim in a criminal prosecution. *State v. K.B.,* 2010 Ark. 228, at 8–9, 379 S.W.3d 471, 475–76. In support of that conclusion, the supreme court cited *Burrow v. State,* 301 Ark. 222, 783 S.W.2d 52 (1990), in which the court declined to hold that a rape victim was the "real party in interest," and *Clay v. State,* 236 Ark. 398, 366 S.W.2d 299 (1963), in which the court observed that the State is the actual party in a criminal prosecution, not the victim. Thus, in *K.B.,* the supreme court held that the exception to the patient-physician privilege in Rule 503(d)(3)(A) does not apply to the victim of the crime.

Castrellon argues that both *Johnson* and *K.B.* are "flawed" opinions, but of course, this court cannot overturn a decision of the supreme court. *See Watkins v. Ark. Elder Outreach of Little Rock, Inc.,* 2012 Ark. App. 301, 420 S.W.3d 477 (holding that this court must follow the precedent set by the supreme court and is powerless to overrule its decisions). In any event, we find no case law that calls either of these holdings into question. Be-

cause H.C. was a victim and a witness, the Rule 503(d)(3)(A) exception does not apply to her.

█ Finally, Castrellon contends that, by testifying about her depression after the incident, H.C. waived her privilege pursuant to Arkansas Rule of Evidence 510.[3] Castrellon neither raised his Rule 510 waiver argument nor obtained a ruling on it before the circuit court; accordingly, this court will not consider it for the first time on appeal. *Seals v. State*, 2013 Ark. App. 326, 2013 WL 2112237; *Scroggins v. State*, 2012 Ark. App. 87, 389 S.W.3d 40.

Affirmed.

WALMSLEY and WOOD, JJ., agree.

**3.** Rule 510 provides that "[a] person upon whom these rules confer a privilege against disclosure waives the privilege if he or his predecessor while holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the privileged matter. This rule does not apply if the disclosure itself is privileged."