
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–15–574

| | |
|---|---|
| ETHAN PATRICK SALLEE<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered: MAY 11, 2016<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. CR–13-481]<br><br>HONORABLE JOHN HOMER WRIGHT, JUDGE<br><br>AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Ethan Patrick Sallee appeals his conviction for the first-degree murder of Dan Roberson. Appellant was tried before a jury in Garland County, and he was sentenced to thirty years in prison. Appellant argues on appeal that his conviction should be reversed because (1) the trial court clearly erred in denying his motion to suppress his custodial statement given to the Garland County Sheriff's Department, and (2) the trial court erred by permitting a sheriff's department officer to testify about appellant's statements while referring to the officer's typewritten summary of the interview. We disagree with appellant and affirm.

*Summary of Facts*

Because appellant does not contest the sufficiency of the evidence to convict him of murder, we briefly recite the facts to place his appellate arguments in context. Dan Roberson's partially concealed body was found in July 2013 in a wooded area in Garland

County. Roberson died due to stab wounds to the chest. Roberson's truck had been stolen, and it was later discovered abandoned. There was an obvious attempt to burn the vehicle. Appellant's DNA was found on a cigarette butt located in the stolen truck. Appellant and two other men were developed as suspects. Appellant was taken into custody, waived his *Miranda* rights, and participated in an interview. Law enforcement officers attempted to electronically video and audio record the interview via a DVR system associated with a computer. The interview was conducted by Cpl. Michael Wright with the Garland County Sheriff's Department accompanied by Scott Falls, a special agent with the FBI. Wright took contemporaneous notes during the interview.

Wright later learned that the electronic recording system had malfunctioned and the interview did not record. A couple days after the interview was conducted, Wright typed up his contemporaneous notes summarizing the interview. The summary was five type-written pages. The summary contained information that the appellant at first denied knowing anything about Roberson's disappearance, but he later admitted that he and two other men (Chestley Gaston and Robbie Glover) followed Roberson's truck home, engaged Roberson in conversation, and then attacked Roberson. Appellant said that Gaston choked Roberson, but he helped by holding his hand over Roberson's mouth. Appellant stated that he and Gaston took Roberson's truck, after Roberson was loaded into the back of it. According to appellant, Gaston was the driver and he was the passenger; appellant helped discard items out of the truck. Appellant claimed that Gaston was the one who must have stabbed Roberson in the chest and that Gaston was the one who dumped Roberson's body in the woods. Appellant admitted that they unloaded the truck's tool box at Glover's house.

Appellant explained that they fled to Texas but later returned to Arkansas; appellant and Glover attempted to burn the truck where they abandoned it in Arkadelphia. Appellant claimed that he participated because Gaston would get violent if he did not do what Gaston wanted him to do.

Appellant filed a pretrial motion to suppress his statements, contending that "he did not make a knowing, voluntary, and intelligent waiver of his rights. As such any purported waiver and subsequent statement was obtained in violation of Miranda and should not be allowed into evidence in the State's case." During the hearing on the motion to suppress, appellant's attorney added to the suppression argument that the State failed to electronically record the interview and that Wright's notes were not typed until a couple days after the interview, supporting suppression of the evidence under a totality-of-the-circumstances view. The State responded that this was a knowing, intelligent, voluntary waiver of rights, and that the State did not intend to offer Wright's notes into evidence. The motion to suppress was denied, the trial court finding that (1) appellant made a knowing, intelligent, and voluntary waiver of his *Miranda* rights, and (2) despite an attempt to video record the interview, an equipment error caused it not to be recorded. The trial court concluded that the totality of the circumstances did not warrant suppression of appellant's statements made during the interview.

During the trial, appellant repeatedly renewed his motion to suppress, and each time, the motion was summarily denied. During Cpl. Wright's testimony, Wright stated that it would help if he were permitted to review his summary while testifying. The appellant did not object to Wright's referring to his summary. Wright continued his testimony and

described what was said by appellant during the interview, including that appellant eventually admitted his involvement with the disappearance of Roberson. The jury rendered a guilty verdict. This appeal followed.

## I. *Point One on Appeal*

Appellant first contends that our rules of criminal procedure do not mandate, but *should* mandate, the electronic recordation of custodial interrogations in criminal cases; and that if the custodial interrogation is not recorded, the statement should be excluded. Appellant cites to Arkansas Rule of Criminal Procedure 4.7, which states in relevant part that:

> (a) Whenever practical, a custodial interrogation at a jail, police station, or other similar place, should be electronically recorded.
> (b)(1) In determining the admissibility of any custodial statement, the court may consider, together with all other relevant evidence and consistent with existing law, whether an electronic recording was made; if not, why not; and whether any recording is substantially accurate and not intentionally altered.

This rule was adopted and became effective in 2012. Appellant argues that Rule 4.7 should be revised to mandate such recordings in order to "recognize a constitutional right to recordation under the due process clause in the Arkansas Constitution," and that the penalty for failure to comply with electronic recording "should be exclusion of the statement(s) in the State's case-in-chief." This argument was not raised to the trial court or ruled on, such that it is not preserved for appellate review. *Eastin v. State*, 370 Ark. 10, 257 S.W.3d 58 (2007).

Appellant's argument at trial focused on whether appellant knowingly, intelligently, and voluntarily waived his *Miranda* rights. Appellant's attorney added to this argument by stating that the trial court should consider the lack of an electronic recording as part of the

totality of the evidence supporting the suppression of his statement.  These arguments are not advanced on appeal, and they are thus abandoned.  *State v. Grigsby*, 370 Ark. 66, 257 S.W.3d 104 (2007).

Within his first point on appeal, appellant also argues that our court should overturn *Clark v. State*, 374 Ark. 292, 287 S.W.3d 567 (2008).  In *Clark*, our supreme court declined to recognize a constitutional due-process right to recordation of all phases of a police interrogation that leads to a confession.  Instead, our supreme court referred the practicability of adopting a recording requirement to the Committee on Criminal Practice for study and consideration.  *Id*. at 304.  Rule 4.7 was adopted in 2012 in response to the referral made in *Clark*.  We reject the request to overrule *Clark* because we have no authority to reverse opinions of the Arkansas Supreme Court.  *Jackson v. State*, 2015 Ark. App. 603, 474 S.W.3d 525; *Castrellon v. State*, 2013 Ark. App. 408, 428 S.W.3d 607.  Even if we had the power to overrule *Clark*, we would not address this argument because it is raised for the first time on appeal, and therefore appellant failed to preserve it for appellate review.  *Eastin*, *supra*.

Appellant offers no other argument or authority to support his general assertion that the trial court erred in denying his motion to suppress.  The arguments presented on appeal are not preserved for review.  We therefore affirm on this point on appeal.

## II.  *Point Two on Appeal*

Appellant asserts in his second point on appeal that the trial court erred by allowing Cpl. Wright to testify from the summary of his contemporaneous notes.  Appellant contends that Wright effectively read word-for-word from his summary during his testimony before

the jury, pointing to two excerpts from Wright's summary that appear to be exactly what Wright stated to the jury at trial. The State asserts that this argument is not preserved for appellate review, and we agree with the State.

Trial courts are given wide discretion in evidentiary rulings, and an appellant must demonstrate an abuse of discretion resulting in prejudice to justify reversal. *McCoy v. State*, 354 Ark. 322, 123 S.W.3d 901 (2003). A witness may occasionally consult a writing to refresh that witness's memory, but it is the witness's testimony and not the writing that is to be the evidence. *Sullivan v. State*, 2012 Ark. 74, at 23, 386 S.W.3d 507, 521. A witness may not, however, read a transcript into evidence because that is beyond the bounds of refreshing recollection. *Id*. To allow a witness's memory to be refreshed and the extent to which the witness may refer to writings to refresh his memory are all decisions within the sound discretion of the circuit court that are not reversed on appeal unless the circuit court has abused that discretion. *Id*; *see also Hamm v. State*, 296 Ark. 385, 757 S.W.2d 932 (1988) (holding that even if the trial court erred in permitting the actual transcription of a confession to be read into evidence, on retrial the trial court may properly permit oral testimony about a defendant's confession).

Appellant's argument is that his custodial statement, as reflected in Wright's summary, should have been excluded from evidence, or alternatively, this case should be remanded for retrial "wherein Wright is not reading the synopsis of the alleged interview with Sallee to the jury; but instead, testifying from his memory of what was said." We do not address this argument because it is not preserved for appellate review. *Eastin*, *supra*. Appellant did renew his prior motion to suppress the custodial statement, but he never objected to

Wright's use of his summary to refresh his recollection. Even had this evidentiary objection been raised to the trial court, appellant did not obtain a ruling on it. This argument is simply not preserved for appellate review. *Leach v. State*, 2012 Ark. 179, 402 S.W.3d 517.

For the foregoing reasons, we affirm the trial court's denial of appellant's motion to suppress and the trial court's allowing Wright to refer to his summary during his trial testimony.

Affirmed.

GLADWIN, C.J., and VAUGHT, J., agree.

*Hancock Law Firm*, by: *Charles D. Hancock*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.