SLIP OPINION



Cite as 2016 Ark. App. 612

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–16–640

| | | |
|---|---|---|
| STERLING ARMOUR | | **Opinion Delivered** December 14, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR-14-225] |
| V. | | |
| | | HONORABLE BERLIN C. JONES, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Sterling Armour was found guilty of one count of aggravated residential burglary and one count of terroristic threatening by a Jefferson County jury and sentenced to an aggregate sentence, including a firearm enhancement, of thirty-five years in the Arkansas Department of Correction.[1] Armour appeals, arguing that the circuit court erred in denying his motion for directed verdict. We affirm.

On appeal, we treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Paschal v. State*, 2012 Ark. 127, 388 S.W.3d 429; *Harris v. State*, 2014 Ark. App. 264. This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id*. In reviewing a challenge to the

---

[1] Armour was also charged with possession of firearms by certain persons. The felon-in-possession charge, however, was severed from the other two counts just before trial started.

sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Castrellon v. State*, 2013 Ark. App. 408, 428 S.W.3d 607. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Harris*, *supra*. With these standards in mind, we will now consider the evidence submitted to the trial court.

Armour and another man (who was never identified at trial) were seeking to locate Ravern Charles, who had allegedly run into the other man's car. At approximately 2:00 a.m., Armour and the other man went to the home of Dennis Butler to find Ravern. Butler escorted the two to Ravern's home.[2] On arriving at Ravern's home, Armour and the other man entered the residence. Ravern was not at home, but the home was occupied by Ravern's wife, Lakesha Charles, as well as her five children. Lakesha was awakened by Armour tapping her on the forehead with a gun. Armour grabbed Lakesha and threatened to kill her. He then dragged her out of the house and asked Butler, who had been waiting in the car, whether she was Ravern's wife. With all of this commotion, the children were awakened. The other man pleaded with Armour not to kill Lakesha while the children were watching. Subsequently, the two men left with Butler, and Lakesha called the police.

Armour first challenges the sufficiency of the evidence to support his conviction for aggravated residential burglary. A person commits the offense of aggravated residential burglary if he or she commits residential burglary, as defined in Arkansas Code Annotated

---

[2] Butler was also charged with aggravated residential burglary and terroristic threatening based on the same events that led to Armour's charges. He pled guilty to both charges and received five years' probation.

section 5-39-201 (Repl. 2013), of a residential occupiable structure occupied by any person, and he or she is armed with a deadly weapon or represents by word or conduct that he or she is armed with a deadly weapon. Ark. Code Ann. § 5-39-204(a)(1). A person commits residential burglary if he or she enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing in the residential occupiable structure any offense punishable by imprisonment. Ark. Code Ann. § 5-39-201(a)(1).

Armour apparently concedes that he was armed with a deadly weapon. He contends, however, that the evidence was insufficient to show that he committed the offense of residential burglary. He argues that the evidence presented at trial was insufficient to prove that he entered the Charleses' home with the "purpose of committing an offense punishable by imprisonment." He suggests that it was "just as likely" that he was there "to make verbal demands on Mr. Charles regarding money for a car repair as he was to commit any violent act." We disagree.

Because a criminal defendant's intent can seldom be proved by direct evidence, it must usually be inferred from the circumstances surrounding the crime. *Davis v. State*, 2012 Ark. App. 362, at 3–4; *Feuget v. State*, 2012 Ark. App. 182, 394 S.W.3d 310. The supreme court has further explained that

> the facts must show circumstances of such probative force as to reasonably warrant the inference of the purpose on the part of the accused to commit an offense punishable by imprisonment, other than the entry itself. Purpose can be established by circumstantial evidence, but that evidence must be such that the requisite purpose can be reasonably inferred, and the evidence must be consistent with the guilt of the accused and inconsistent with any other reasonable conclusion.

*Booker v. State*, 335 Ark. 316, 321–22, 984 S.W.2d 16, 19–20 (1998) (internal citations omitted).

Here, the facts showed that Armour entered the Charleses' home without permission in the middle of the night, armed with a gun that he brandished at Lakesha, and threatened to kill Lakesha. From this evidence, the jury could reasonably have found that Armour entered the home with the intent to commit a felony, whether murder, aggravated assault, theft, or some other crime punishable by imprisonment. We therefore affirm his aggravated-residential-burglary conviction.

Armour next argues that the evidence was insufficient to support his conviction for terroristic threatening. A person commits the offense of terroristic threatening in the first degree if, with the purpose of terrorizing another person, the person threatens to cause death or serious physical injury or substantial property damage to another person. Ark. Code Ann. § 5-13-301(a)(1)(A).

Armour makes only a brief argument challenging his conviction for this offense. He points to Lakesha's testimony that he would "do" her and asserts that this language was "so vague in its use that a jury could only speculate as to his true intent." This argument is entirely without merit. Lakesha testified that Armour not only threatened to "do" her, but he also specifically threatened to kill her. A threat to kill someone is sufficient to sustain a conviction for first-degree terroristic threatening. *See Wright v. State*, 2016 Ark. App. 404, ___ S.W.3d ___; *Mathis v. State*, 2012 Ark. App. 285, 423 S.W.3d 91. We therefore affirm Armour's conviction on this offense as well.

SLIP OPINION



Affirmed.

GLOVER and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.