--------
PHILLIP T. WHITEAKER, Judge *48 Appellant Jess O'Neal Reese was convicted by a Saline County jury of one count of refusal to submit to a chemical test and one count of felony failure to appear; he was acquitted of driving while intoxicated. On appeal, Reese contends that there was insufficient evidence to convict him of failure to appear. Alternatively, he contends that he was entitled to the assistance of counsel at a critical stage of the criminal proceedings against him. We affirm.
On October 11, 2015, Reese was arrested for driving while intoxicated after being involved in a motorcycle accident in which his friend Jamey Salazar was seriously injured. Reese was transported to jail, where he refused to take a blood-alcohol-content (BAC) test. The Benton Police Department subsequently obtained a search warrant to draw a blood sample, and Reese's BAC was determined to be .09.
The next day, October 12, 2015, Reese posted a $10,000 sheriff's bond and was released from jail with a pretrial-release order directing Reese to appear before the Saline County District Court on November 17, 2015. On November 17, Reese appeared as directed and was ordered by the district court to return on January 5, 2016. Reese appeared on January 5 as ordered. The district court issued another pretrial-release order commanding Reese to appear before it on February 23, 2016. Reese signed the pretrial-release order, which advised him that violation of any of the conditions of the order "may result in sanctions, including arrest, imposition of additional costs and/or revocation of Defendant's release." Reese failed to appear in the district court on February 23.
In an information filed in the Saline County Circuit Court, the State formally charged Reese on March 29, 2016, with driving while intoxicated, refusal to submit to a chemical test, and failure to appear. Reese proceeded to a jury trial on the charges, wherein the State presented evidence regarding the motorcycle accident, Reese's refusal to submit to the BAC test, and his failure to appear in the district court on February 23. With respect to the failure to appear, the State offered the testimony of Saline County District Court Clerk Cheryl Spade. Through Spade, the State introduced-without objection-the January 5, 2016 pretrial-release order directing Reese to appear in the district court on February 23, 2016. She described the order as a "standard appearance agreement that is given out to everybody coming into court with felony cases." Spade also testified that she was familiar with Reese's district court case, that he had been ordered to appear in court on February 23, and that he did not appear on that date. According to her records, after Reese failed to appear, the district court judge marked "failed to appear" on Reese's file, and a felony failure-to-appear warrant was issued.
The jury acquitted Reese on his driving-while-intoxicated charge but convicted him of refusal to submit to a chemical test and failure to appear; he was sentenced to eighteen years in the Arkansas Department of Correction and ordered to pay a $100 fine. Reese filed a timely notice of appeal, and he now argues that the evidence was insufficient to support his conviction for failure to appear and, alternatively, that he should have been represented by counsel at the time he signed *49 the January pretrial-release order directing him to appear in court on February 23.
We first consider Reese's argument that there was insufficient evidence to support his failure-to-appear conviction.[1] In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. Castrellon v. State , 2013 Ark. App. 408, 428 S.W.3d 607. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. Armour v. State , 2016 Ark. App. 612, 509 S.W.3d 668. This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. Id.
Reese argues that the circuit court erred in denying his motion for directed verdict on the failure-to-appear charge "for lack of proof." A person commits the offense of failure to appear if he or she fails to appear without reasonable excuse subsequent to having been cited or summonsed as an accused or lawfully set at liberty upon condition that he or she appear at a specified time, place, and court. Ark. Code Ann. § 5-54-120(b)(1)-(2) (Repl. 2016). Failure to appear is a Class C felony if the required appearance was in regard to a pending charge or disposition of a felony charge either before or after a determination of guilt of the felony charge. Ark. Code Ann. § 5-54-120(c)(1). As used in the statute, "pending charge" means a charge that results from an arrest or after the filing of a criminal information or indictment and that has not been resolved by acquittal, conviction, dismissal, or nolle prosequi. Ark. Code Ann. § 5-54-120(a).
We hold that the evidence introduced at trial showed that Reese failed to appear. State's exhibit 6, which was introduced without objection, was the January 5, 2016 pretrial-release order directing Reese to appear in the district court on February 23. In addition, the district court clerk, Cheryl Spade, testified that Reese failed to appear for his February 23, 2016 court date. Finally, the jury heard testimony that Reese had been arrested on suspicion of driving while intoxicated and was thus subject to a "pending charge." There was clearly sufficient evidence to support Reese's conviction for failure to appear.
In the alternative, Reese argues broadly that the Sixth Amendment to the United States Constitution and Arkansas Constitution article 2, section 10 should guarantee a defendant the right to counsel at any instance of "affirmative action, i.e., setting hearings, report dates, motion dates, etc., [that] are a significant part of the trial process." Thus, he contends that he should have had the benefit of counsel at all meaningful stages of his prosecution. According to Reese, his right to counsel should have included "any court appearance for the purpose of setting dates for additional appearances in a felony case wherein the defendant's liberty is at risk." We find Reese's arguments unpersuasive.
The United States Supreme Court has construed the right to counsel guaranteed by the Sixth Amendment "to apply to 'critical' stages of the proceedings." United States v. Wade , 388 U.S. 218, 224, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). This court has recently considered what constitutes a "critical stage" of a criminal *50 prosecution in Shabazz v. State , 2018 Ark. App. 281, 550 S.W.3d 438, in which we wrote as follows:
The United States Supreme Court has provided the following case law concerning our critical-stage analysis: (1) A criminal defendant has a Sixth Amendment right to an attorney at every critical stage of the proceedings. Hammett v. Texas , 448 U.S. 725, 100 S.Ct. 2905, 65 L.Ed.2d 1086 (1980) ; (2) A stage is a critical stage in a criminal proceeding if the substantial rights of the criminal defendant may be affected. Mempa v. Rhay , 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) ; and (3) The complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice because the adversary process itself has been rendered presumptively unreliable. Roe v. Flores-Ortega , 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Our supreme court has held that a critical stage is characterized by an opportunity for the exercise of judicial discretion or when certain legal rights may be lost if not exercised at that stage. Anderson v. State , 367 Ark. 536, 242 S.W.3d 229 (2006).
Shabazz , 2018 Ark. App. 281, at 4, 550 S.W.3d at 441-42. In Shabazz , this court held that a pretrial suppression hearing is a critical stage of the proceedings because "if the suppression court determines that evidence is admissible, that determination is final, conclusive, and binding at trial. In fact, the court's decision on a motion to suppress may often spell the difference between a conviction or an acquittal." Id.
In contrast, our supreme court has held that the act of requiring a defendant to submit to a breathalyzer test does not constitute a "critical stage" of the proceedings. Wells v. State , 285 Ark. 9, 684 S.W.2d 248 (1985). Calling such a procedure a scientific "preparatory step" in the prosecution, the supreme court noted that
[k]nowledge of the techniques of science and technology is sufficiently available, and the variables in techniques few enough, that the accused has the opportunity for a meaningful confrontation of the Government's case at trial through the ordinary processes of cross-examination of the Government's expert witnesses and the presentation of his own experts. The denial of a right to have his counsel at such analysis does not therefore violate the Sixth Amendment; they are not critical stages since there is minimal risk that his counsel's absence at such stages might derogate from his right to a fair trial.
Id. at 11-12, 684 S.W.2d at 249 (quoting Wade , 388 U.S. at 227-28, 87 S.Ct. 1926 ).
Here, Reese posits that a pretrial-release order that directs a defendant to return to court for the apparent purpose of setting a future court date constitutes a "critical stage" of the criminal proceedings. We cannot agree. Reese argues that he risked significant jail time for the felony count of failure to appear, and he therefore should have had the advice of counsel to warn him against that danger. In prosecuting a case of failure to appear, however, the State must prove that the defendant failed to appear "without reasonable excuse." Ark. Code Ann. § 5-54-120(b). Accordingly, a defendant like Reese who is charged with failure to appear is afforded the opportunity at trial, through cross-examination and the presentation of his own evidence, to explain why his previous failure to appear was with reasonable excuse. That is, he is given an opportunity for "meaningful confrontation of the Government's case at trial." Wells , 285 Ark. at 11, 684 S.W.2d at 249. He is not deprived of this ability simply because he was not represented by counsel at the time a *51 scheduling order was entered. In other words, there is "minimal risk that his counsel's absence at such [a] stage[ ] might derogate from his right to a fair trial." Wade , 388 U.S. at 228, 87 S.Ct. 1926. We therefore find no merit to Reese's argument that he was entitled to counsel when he signed his pretrial-release order.
Affirmed.
Reese does not challenge the sufficiency of the evidence supporting his conviction for refusal to submit to a chemical test.