PHILLIP T. WHITEAKER, Judge
A Mississippi County jury convicted appellant Gregory Rose of one count of harassment, a Class A misdemeanor, and sentenced him to eleven months, twenty-nine days in the Mississippi County jail; Rose was also ordered to pay a $2,500 fine.[1] Rose raises three arguments on appeal: (1) the evidence was insufficient to support his harassment conviction; (2) the circuit court abused its discretion in admitting evidence of his past convictions during sentencing; and (3) the circuit court erred in refusing to set an appeal bond. We affirm.
I. Sufficiency of the Evidence-Harassment
A person commits the offense of harassment if, with purpose to harass, annoy, or alarm another person, without good cause, he or she strikes, shoves, kicks, or otherwise touches a person, subjects that person to offensive physical contact or attempts or threatens to do so; or, in a public place repeatedly insults, taunts, or challenges another person in a manner likely to provoke a violent or disorderly response. Ark. Code Ann. § 5-71-208(a)(1) & (4) (Repl. 2016).[2]
*417 Rose argues that there was insufficient evidence to convict him of harassment. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. Castrellon v. State , 2013 Ark. App. 408, 428 S.W.3d 607. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. Armour v. State , 2016 Ark. App. 612, 509 S.W.3d 668. This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. Reese v. State , 2018 Ark. App. 336, 552 S.W.3d 47. We do not weigh the evidence presented at trial nor do we weigh the credibility of the witnesses. Id. Decisions regarding the credibility of witnesses are for the trier of fact. Robinson v. State , 353 Ark. 372, 108 S.W.3d 622 (2003). The fact-finder is not required to believe any witness's testimony, especially the testimony of the accused, because the accused is the person most interested in the outcome of the trial. Mooney v. State , 2009 Ark. App. 622, 331 S.W.3d 588. With these standards in mind, we turn our attention to the evidence presented at trial.
In July 2016, Stephanie Merritt was a customer at Gary's Junior Food Mart in Osceola. She had just completed her purchase and was chatting with the store clerk, Aretha Adams, when Rose entered the store with another man. After a short exchange, Rose grabbed or touched Merritt's breast. Merritt hit Rose's hand with her key chain.[3] Using some profanity, Merritt told Rose, "You don't touch a woman's breast" and stated, "That's a good way to get shot." In response, Rose said, "How you gonna talk about shooting somebody that ain't even got no pistol?"; and he pulled a realistic-looking BB gun out of his waistband. Adams attempted to calm everyone down, and Rose eventually left the store at the urging of the other man who had come in with him. Merritt contacted the police to report the incident.
On appeal, Rose does not argue that he did not touch Merritt's breast. Instead, he asserts that there was no evidence that he intended for his touching of Merritt to be offensive. In support of his argument, Rose cites his own testimony at trial wherein he stated that he meant no annoyance or harm to Merritt and suggested that she was not scared or offended. Moreover, while he acknowledges that Merritt hit him with her key chain, he contends that this was "not a violent or disorderly response" as is required by section 5-71-208(a)(4). He insists that his conduct toward Merritt was "simply ... a playful and friendly manner" and was not intended to alarm or annoy her.
Rose's argument thus focuses on his intent or purpose. This court has noted that a criminal defendant's intent or state of mind is seldom apparent. Wells v. State , 2012 Ark. App. 596, at 7-8, 424 S.W.3d 378, 384-85 (citing Tarentino v. State , 302 Ark. 55, 786 S.W.2d 584 (1990) ). One's intent or purpose, being a state of mind, can seldom be positively known to others, so it ordinarily cannot be shown by direct evidence but may be inferred from the facts and circumstances. Id. Because intent cannot be proved by direct evidence, the fact-finder is allowed to draw on common knowledge and experience to infer it from *418 the circumstances. Jones v. State , 2009 Ark. App. 135, 2009 WL 464966. Because of the difficulty in ascertaining a defendant's intent or state of mind, a presumption exists that a person intends the natural and probable consequences of his or her acts. Id.
We find Rose's arguments unpersuasive. At trial, Merritt testified that Rose "grabbed" her breast and that she was "really upset" about it, enough so that she decided to press charges. Aretha Adams testified that although she did not see the contact, Merritt started cursing at Rose shortly after he had come into the store and saying he had touched her breast. Adams said that Merritt was "roused up" and that Adams had to calm her down. According to Osceola Police Department patrolman Matthew Richardson, who took Merritt's report, Merritt was "aggravated" and "upset" by the incident.
The jury was entitled to draw its conclusions from the testimony and from the visual evidence on the videotape; it was not compelled to believe Rose's self-serving testimony that he meant no offense by touching Merritt's breast. See Mooney , supra. The jury plainly found Merritt's testimony credible and gave greater weight to it, which was entirely within its province to do. See Ortega v. State , 2016 Ark. 372, at 5, 501 S.W.3d 824, 827 (it is "the sole province of the jury to determine a witness's credibility, as well as the weight and value of his testimony."). As noted above, this court considers only the evidence that supports the verdict, and it does not reweigh the evidence. Mooney , supra. Based on the evidence presented, we cannot conclude that the circuit court erred in denying Rose's motion for directed verdict.
II. Prior Convictions
Rose next argues that the circuit court erred in allowing evidence of his previous convictions to be introduced in the sentencing phase of his trial. During sentencing, the State sought to introduce evidence of three felony convictions and multiple misdemeanor convictions. Rose objected to the introduction of the misdemeanor convictions but expressly withdrew an objection to the introduction of the felonies. The circuit court overruled Rose's objection, and the State introduced evidence of the three felonies and twelve of Rose's misdemeanor convictions. On appeal, Rose assigns error to the circuit court's decision to allow the introduction of "many drug-related felonies" during his sentencing for a single misdemeanor conviction.
Sentencing is controlled entirely by statute. Burgess v. State , 2016 Ark. 175, at 7, 490 S.W.3d 645, 650. Arkansas Code Annotated section 16-97-101(2) (Repl. 2016) provides that if a defendant is found guilty of one or more charges, "the jury shall then hear additional evidence relevant to sentencing on those charges." Under section 16-97-103(2), "evidence relevant to sentencing" is defined to include, among other things, "[p]rior convictions of the defendant, both felony and misdemeanor. The jury may be advised as to the nature of the previous convictions, the date and place thereof, the sentence received, and the date of release from confinement or supervision from all prior offenses."
In reviewing a circuit court's decision to admit evidence of prior convictions during the penalty phase of a trial, this court has recognized that the circuit court has wide discretion in allowing such evidence to be presented, and we will not reverse such a decision absent an abuse of discretion. Jiles v. State , 78 Ark. App. 43, 46, 82 S.W.3d 173, 174 (2002) (citing McClish v. State , 331 Ark. 295, 962 S.W.2d 332 (1998) ). The abuse-of-discretion standard *419 of review is a high threshold, and it requires that a circuit court act improvidently, thoughtlessly, or without due consideration. Steele v. State , 2014 Ark. App. 257, at 12, 434 S.W.3d 424, 432.
Rose concedes that the circuit court possesses discretion in the admission of evidence during sentencing. Nonetheless, he argues that the introduction of his prior convictions constituted an abuse of discretion since he was only convicted of a single misdemeanor count of harassment. He further contends that the admission of multiple prior offenses was "not relevant to his interaction" with Merritt. The State correctly notes that Rose waived his challenge to the admission of the felony convictions when he expressly withdrew his objection to their introduction. It also contends that the circuit court did not err in the sentencing stage. We agree.
In deciding to admit Rose's previous convictions during the penalty phase, the court offered its reasoning from the bench:
Okay. I'm gonna allow the State to offer the proposed convictions and I'm going to use my discretion in making that decision based on the fact that it appears that the State has a rational and reasonable basis for its position in applying the Arkansas Sentencing Commission Guidelines.[4 ] I realize those are not mandatory and are just advisory in nature, but it appears that presents a reasonable position to follow that. And, with respect to the number of misdemeanors I think that it is indicative of some pattern following the previous felonies that I think can be of some benefit to the jury in making a decision that they deem to be appropriate. And they can choose to ignore those because they're misdemeanors based on any argument that defense counsel may make, or they can consider whether they believe them to be relevant for purposes of their sentencing on this case.
Clearly, the circuit court did not act improvidently, thoughtlessly, or without due consideration in deciding to admit evidence of Rose's prior convictions. The court recognized that the jury could give the evidence whatever weight it chose to give it, and it acknowledged the defense's prerogative to argue what weight the jury should give the evidence. This decision was not an abuse of discretion.
III. Appeal Bond
Following his conviction and the filing of his notice of appeal, Rose filed a motion to set an appeal bond. The circuit court held a hearing on the motion and ultimately denied it. In his third point on appeal, Rose assigns error to this decision. Because we are affirming Rose's conviction, however, any argument pertaining to the denial of his appeal bond is moot. See Walley v. State , 353 Ark. 586, 609, 112 S.W.3d 349, 362 (2003) ; Shields v. State , 348 Ark. 7, 17, 70 S.W.3d 392, 397 (2002) ; Boen v. State , 2010 Ark. App. 39, 2010 WL 135316.
Affirmed.
Gruber, C.J., and Brown, J., agree.

Rose was also charged in an amended information with one count of aggravated assault and being a felon in possession of a firearm. The jury acquitted him of aggravated assault and its lesser-included offense of first-degree assault, and the State nolle prossed the felon-in-possession charge before trial after Rose moved to sever that count.

The complete statute contains four additional subsections defining other ways a person can commit the offense of harassment; however, in the instant case, subsections (1) and (4) are the two that were specifically enumerated in the jury instructions.

At trial, the State played a videotape of the encounter. Although there is no audio on the tape, the video shows Rose reaching out and making contact with Merritt's breast with his hand; she then hits him with her key chain.

The State represented that it was limiting the admission of Rose's prior convictions to conform to the Arkansas Sentencing Guideline Criminal History Score Worksheet, such that only those misdemeanors committed within the last ten years would be introduced.