Cite as 2025 Ark. App. 205

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-24-441

| | | |
|---|---|---|
| BRUCE SANDERS | | Opinion Delivered April 9, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70CR-23-281] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE SPENCER G. SINGLETON, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**ROBERT J. GLADWIN, Judge**

This is an appeal from appellant Bruce Sanders's conviction by a Union County jury of first-degree battery and resulting sentence of twelve years' imprisonment in the Arkansas Division of Correction ("ADC"). Sanders argues on appeal that the circuit court erred by denying his motion for a directed verdict because the circumstantial evidence was insufficient to prove he acted with the purpose to cause injury. He also maintains that the evidence was insufficient to convict him because there was an equally reasonable conclusion that he was acting in self-defense. We affirm.

I. *Background Facts*

On May 14, 2023, Sanders was staying with Linda Kay Braggs and her minor son ("MC") at their trailer in El Dorado. Braggs left MC with Sanders at the residence while she left to pick up some food. MC stated he believed Sanders was "drunk that night" and that

at some point, Sanders picked up a knife and was pointing it at him. MC then called a neighbor friend, who was also a minor ("MC2"), to come help, and once MC2 arrived, Sanders began hitting them with a broom. James Golden was walking toward the trailer when he heard the commotion. Golden testified that once he got to the porch of the trailer he saw Sanders holding a knife and a "stick." Golden said that he then grabbed Sanders in an attempt to take the knife away and admittedly choked Sanders until he dropped the knife. Golden proceeded to push Sanders out of the doorway and off the porch. Sanders got in his car and drove away. While Golden was walking away from the trailer, Sanders pulled up behind him in his vehicle, got out of the car, and shot Golden. Golden testified he was first shot in his shoulder, then he was shot twice in his back and once in his leg. Sanders left in his vehicle after the shooting. Golden was med-flighted to a hospital in Shreveport where he remained a patient for two weeks.

Lieutenant Dallas Smith with the El Dorado Police Department was one of the officers who responded to the call about the shooting. He testified that officers found a knife in the front yard of Braggs's residence and a knife inside the trailer. He also testified that officers spoke to witnesses to get the shooter's name, but they were only given the first name "Bruce." Sergeant Trey Phillips, a detective with the El Dorado Police Department, testified he also responded to the shooting and that his primary role was to process the scene. Phillips stated that a total of three .38-caliber shell casings were found, and there were droplets of blood found in the kitchen of the residence. However, he explained that none of the blood droplets were tested and neither of the knives were fingerprinted. A neighbor,

Shakeitha Gulley, saw part of the incident and testified that she saw Sanders leave in his car, return five minutes later, fire three shots at Golden, and then drive off again.

Deputy Andre Lovett with the Union County Sheriff's Department located Sanders in an oil field the day after the shooting. Deputy Lovett testified that Sanders approached him and stated he was probably the man they were looking for and that he had "shot a man." In Sanders's vehicle, Lovett found a .38-caliber pistol that had some rounds left in the chamber. The hollow-point bullets in the firearm retrieved from Sanders's vehicle matched the shell castings found at the scene of the shooting.

On July 13, 2023, Sanders was charged with one count of attempted capital murder and one count of aggravated assault. Sanders was also charged with a firearm enhancement and as a habitual offender. On January 8, 2024, Sanders's charges were amended to one count of first-degree battery with only the habitual-offender enhancement.

A jury trial was held on January 23, 2024. The State called to testify the officers and the criminal investigator who responded to the shooting as well as the arresting officer. The State also called MC1, MC2, Shakeitha Gulley, and Golden to testify. After the State rested its case, Sanders moved for a directed verdict, arguing that the jury had only speculation and conjecture to determine whether he acted with purpose to cause injury. The circuit court denied Sanders's motion, finding that his purpose to cause injury could be inferred by Sanders's action of firing multiple shots at Golden. The defense called only one witness— Linda Kay Braggs—who testified that she had never known Sanders to be mean or abusive toward MC1 or anyone else. She also testified that Golden turned around like he was going

3

toward Sanders when the shooting occurred. After the defense rested, Sanders renewed his motion for directed verdict, which the circuit court denied.

The jury found Sanders guilty of first-degree battery; however, the jury could not reach a decision on sentencing. The circuit court sentenced Sanders to twelve years' imprisonment in the ADC. Sanders filed a timely notice of appeal; this appeal followed.

## II. *Standard of Review*

On appeal, this court treats a motion for directed verdict as a challenge to the sufficiency of the evidence. *Armstrong v. State*, 2020 Ark. 309, 607 S.W.3d 491. In reviewing a challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the State and considers only the evidence that supports the verdict. *Price v. State*, 2010 Ark. App. 111, 377 S.W.3d 324. This court will affirm a conviction if substantial evidence exists to support it. *Id.* Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Id.* The duty of resolving conflicting testimony and determining the credibility of witnesses is left to the discretion of the jury. *Kelley v. State*, 375 Ark. 483, 292 S.W.3d 297 (2009).

## III. *Discussion*

Sanders's sole argument on appeal is that the circuit court erred by denying his motion for a directed verdict because the circumstantial evidence was insufficient to prove that he acted with the purpose to cause injury. Specifically, Sanders maintains that the evidence was insufficient to convict him because there was an equally reasonable conclusion

4

that he was acting in self-defense. In response, the State argues that Sanders failed to preserve any argument that his actions were justified, and his intent argument is meritless. We agree with the State.

Sanders's argument on appeal centers on whether the State negated his justification defense. However, a party is bound by the nature and scope of the objections and arguments made at trial and may not enlarge or change those grounds on appeal. *Daniels v. State*, 2019 Ark. App. 507, 588 S.W.3d 407. In Sanders's initial directed-verdict motion, his counsel argued that the jury would have to rely on speculation and conjecture to determine that he acted with purpose to cause injury, and there had been no evidence presented as to "what his purpose was or what was going on in his mind." Furthermore, Sanders reasoned that Golden could not have identified him as his shooter if his back was turned; therefore, Golden's back was not turned at the time of the shooting.

As explained by the State, this court has recently held that the same argument was unpreserved when the defendant argued that the State failed to show intent to cause injury rather than addressing the elements of justification. *See Nixon v. State*, 2024 Ark. App. 100, 684 S.W.3d 345. In *Nixon*, the appellant argued in his directed-verdict motion that the State failed to show he acted with the purpose to cause injury. *Id.* This court held that Nixon's directed-verdict motion was insufficient to preserve his justification argument on appeal. *Id.* The same applies here. Because Sanders's entire argument on appeal centers on his assertion that "a plausible theory of self-defense was not totally excluded," we find that his arguments are not preserved for this court's review.

To the extent a portion of Sanders's appeal could be viewed as arguing that the State set forth insufficient evidence that Sanders acted with the purpose to cause injury to Golden, we find the argument unavailing. A person commits first-degree battery if he acts with the purpose of causing physical injury to another person and causes physical injury by means of a firearm. Ark. Code Ann. § 5-13-201(a)(8) (Repl. 2024). This court has noted that a criminal defendant's intent or state of mind is seldom apparent. *Rose v. State*, 2018 Ark. App. 446, 558 S.W.3d 415. One's intent or purpose—being a state of mind—can seldom be positively known to others, so it ordinarily cannot be shown by direct evidence but may be inferred from the facts and circumstances. *Id.* Because intent cannot be proved by direct evidence, the fact-finder is allowed to draw on common knowledge and experience to infer it from the circumstances. *Id.* A presumption exists that a person intends the natural and probable consequences of his or her actions because of the difficulty in ascertaining a defendant's intent or state of mind. *Id.*

Here, the evidence showed that Sanders left the residence, returned with a firearm, and fired multiple shots at Golden—shooting him three to four times, two shots being in his back. This court has held that evidence of an individual firing multiple shots at another is sufficient evidence that the individual had the purpose to cause physical injury. *See Taylor v. State*, 77 Ark. App. 144, 72 S.W.3d 882 (2002). Accordingly, we find there was sufficient evidence to support Sanders's first-degree battery conviction; therefore, the circuit court did not err in denying his directed-verdict motion.

IV. *Conclusion*

For the above-stated reasons, we affirm Sanders's conviction for first-degree battery.

Affirmed.

HARRISON and HIXSON, JJ., agree.

*Law Offices of John Wesley Hall*, by: *Samantha J. Carpenter*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.