Cite as 2017 Ark. App. 130

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–16–856

| | | |
|---|---|---|
| OLIVER W. HART III | | **Opinion Delivered:** March 8, 2017 |
| | APPELLANT | |
| | | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NOS. 46CR-02-570; 46CR-02-162; 46CR-03-627] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE KIRK JOHNSON, JUDGE |
| | | REMANDED FOR CORRECTION AND SUPPLEMENTATION OF RECORD; REBRIEFING ORDERED |

## RITA W. GRUBER, Chief Judge

Appellant Oliver Hart pleaded guilty on April 7, 2009, in three separate cases, all of which involved manufacturing, delivering, or possessing a controlled substance and possession of drug paraphernalia. He was placed on probation for a period of ten years in each case and ordered to make payments to Miller County for fines, costs, and fees. In September and October 2014, the State filed petitions for revocation in Miller County on all three cases, alleging that appellant had committed another drug offense and had failed to pay his fines, fees, and costs. The State filed an amended petition in all three cases on April 7, 2016, realleging the original allegations and adding that appellant had failed to abstain from the use of alcoholic beverages or had manufactured, possessed, used, sold, or distributed a controlled substance or paraphernalia. On July 19, 2016, the circuit court entered orders

SLIP OPINION

revoking appellant's probation in all three cases, finding that he had violated all three conditions alleged.

Appellant brings two points on appeal. First, he contends that the circuit court erred in denying his motion to dismiss the revocation petition for failure to provide him a preliminary hearing. Second, he argues that the evidence was insufficient to revoke on any of the three alleged violations. We remand to the circuit court to settle and supplement the record, and we order rebriefing after the record has been settled.

Arkansas Supreme Court Rule 4–2(a)(8) requires that the addendum to appellant's brief include all documents that are essential for the appellate court to understand the case and to decide the issues on appeal. Appellant's addendum does not contain his written conditions of probation, which is essential to our review of this case and his argument that the trial court erred in finding that his conditions were violated. *See Reyes v. State*, 2012 Ark. App. 125. Moreover, appellant's written conditions of probation are not contained in our record. If anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and, if necessary, that a supplemental record be certified and transmitted. Ark. R. App. P.–Civ. 6(e) (made applicable to criminal cases by Ark. R. App. P.–Crim. 4(a)); *Baney v. State*, 2016 Ark. App. 405.

In addition, the three sentencing orders all incorrectly indicate that appellant voluntarily, intelligently, and knowingly entered a negotiated plea of guilty, rather than stating that appellant was found guilty by the court and sentenced by the court.

Accordingly, we remand to the circuit court to settle and supplement the record within

thirty days. We also direct the circuit court to correct the sentencing orders in all three cases.

Upon correction and supplementation of the record, appellant shall have fifteen days in which to file a substituted abstract, addendum, and brief. *See* Ark. Sup. Ct. R. 4–2(b)(3). The State may revise or supplement its brief within fifteen days of the filing of appellant's brief or may rely on its previously filed brief.

Remanded for correction and supplementation of record; rebriefing ordered.

KLAPPENBACH and GLOVER, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Priest*, Ass't Att'y Gen., for appellee.