RITA W. GRUBER, Chief Judge
Appellant Charles Silmon was charged in the Sebastian County Circuit Court with delivery of hydrocodone, a Class B felony in violation of Ark. Code Ann. § 5-64-426(c)(2)(A), and with the sentencing enhancement offense of "Proximity to certain facilities" in violation of Ark. Code Ann. § 5-64-411, alleging that the delivery was committed on or within 1000 feet of the real property of a church. A jury found *267 Silmon guilty of both charges, and he was sentenced to five years' imprisonment on the delivery charge and the statutory ten years' imprisonment on the enhancement. Silmon does not appeal the delivery conviction. He argues only that the circuit court erred in ruling that his sentencing-enhancement offense did not require proof of a culpable mental state. We reverse and remand.
At the jury trial, Fort Smith police officer Greg Napier testified that he participated in the controlled buy of narcotics from Silmon. The buy occurred at Silmon's home located at 1500 Rutgers Circle. Napier testified that the New Apostolic Church is located at 1208 Princeton Street, which is around the corner from Silmon's residence. Napier physically measured the distance from Silmon's home to the church using a Rolatape, which amounted to 998 feet. The straight distance on Google Maps measured 820 feet.
At the close of the State's case, Silmon's counsel moved for directed verdict, challenging only the proximity enhancement as follows:
I'm going to move for directed verdict on the proximity to the church to the certain facilities charge. I'm not moving for directed verdict on the actual delivery of the hydrocodone. I've admitted to the Jury that my client did that. I believe that the evidence is sufficient for that to go to the Jury, but I object to the proximity to certain facilities going to the Jury.
In looking at the jury instruction, it says the State must prove beyond a reasonable doubt that he committed this offense. It does not talk in here about what the particular mental state is, but there has to be a mental state.
In denying the motion, the circuit court stated, "This is almost a strict liability issue. In the statute and in the instruction, there is no mention of mental state. It's just, he's done it, he committed a crime like this within that ... distance." Silmon's counsel renewed the motion at the close of all the evidence, which was again denied. The jury found Silmon guilty of the delivery charge and found that Silmon committed the delivery offense within 1000 feet of a church.
Arkansas Code Annotated section 5-64-411 provides that a person is subject to enhanced sentencing of an additional ten-year term of imprisonment if the person "[p]ossesses with the purpose to deliver, delivers, manufactures, or trafficks a controlled substance in violation of §§ 5-64-420 - 5-64-440" and "[t]he offense is committed on or within" 1000 feet of the real property of a church. Ark. Code Ann. § 5-64-411(a)(1)(B)(2)(H) (Repl. 2016). For his sole argument on appeal, Silmon contends that the circuit court erred in ruling that the sentencing enhancement did not require proof of a culpable mental state. The State, acknowledging our recent decision in Small v. State , 2018 Ark. App. 80, 543 S.W.3d 516, concedes error.[1] In Small , we held that Ark. Code Ann. § 5-64-411 requires a culpable mental state, explaining,
Arkansas Code Annotated section 5-64-411, however, adds an enhanced sentence for a person found guilty of certain offenses, including that for which appellant was convicted, only if an additional requirement is met. That additional requirement is the location where the act is committed. Accordingly, we hold that the circuit court erred in concluding that section 5-64-411 did not require a culpable *268 mental state, and we reverse and remand on this point.
Small v. State , 2018 Ark. App. 80, at 5-6, 543 S.W.3d at 520. Because Arkansas Code Annotated section 5-64-411 does not proscribe a specific mental state, one must be imputed pursuant to Ark. Code Ann. § 5-2-203(b) (Repl. 2013), which provides,
Except as provided in §§ 5-2-204(b) and (c), if the statute defining an offense does not prescribe a culpable mental state, a culpable mental state is nonetheless required and is established only if a person acts purposely, knowingly, or recklessly.
While the State acknowledges the circuit court's error, it contends we must affirm if substantial evidence was presented that Silmon acted recklessly in delivering hydrocodone within 1000 feet of the real property of a church, citing case law that we can affirm the circuit court for reaching the right result for a different reason. See Williams v. State , 343 Ark. 591, 604, 36 S.W.3d 324, 333 (2001). We disagree with the State's assertion. Because the circuit court erred in concluding that Ark. Code Ann. § 5-64-411 did not require a culpable mental state and improperly instructed the jury, we must reverse and remand.
Reversed and remanded.
Virden and Whiteaker, JJ., agree.

Our opinion in Small was handed down after appellant's brief was filed with our court but before the State's brief was filed.