RITA W. GRUBER, Chief Judge
A Sebastian County jury found appellant William French guilty of possession of methamphetamine with the purpose to deliver, two counts of possession of drug paraphernalia, and a sentencing-enhancement offense of "proximity to certain facilities."[1] Arkansas Code Annotated section 5-64-411 (Repl. 2016) provides that a person is subject to an additional term of ten years' imprisonment if he or she possesses with the purpose to deliver within 1000 feet of, among other facilities, a church. For his sole point on appeal, appellant argues that the circuit court erred in denying his motion to dismiss the enhancement offense brought pursuant to this statute. We reverse and remand for a new trial on the enhancement offense.
At trial, Fort Smith police officer Keith Shelby testified that while patrolling the south side of Fort Smith at around 7:00 p.m. on June 13, 2017, he saw appellant driving a vehicle in which neither he nor *583 his passengers appeared to be wearing seatbelts. Officer Shelby lost sight of the vehicle before he saw it again, running a stop sign right in front of him. Before Officer Shelby turned on his lights, appellant pulled into a driveway at the corner of 33rd and Vicksburg, and Officer Shelby pulled in behind him. Officer Shelby testified that he discovered methamphetamine and drug paraphernalia in the vehicle. He also testified that a church was located about a block and half from the location of the stop and was visible from the location.
Fort Smith police officer Greg Napier then testified that he was asked to determine whether there were any facilities in the area that qualified under the enhancement statute. He said that he discovered a church right down the street that could be seen from the traffic stop. He testified that he arranged to meet Officer Shelby at the location of the stop and began his measurement from that location. At that point in the testimony, the State attempted to introduce several photographs of the area taken by Officer Napier, and appellant objected:
I am going to object to the introduction of these pictures and the testimony about the proximity because there has been nothing presented to show that my client had knowledge of this church being there and I believe that he is being punished for or this is creating an element of a crime where a mental state should be required and is not. And because it is not it violates his due process rights.
The court overruled the objection, and the photos were introduced. Officer Napier testified that the photographs showed that Southside Full Gospel Church is located near the traffic stop. He testified that he used a Rolatape to physically measure the distance between the church and the traffic stop and that the distance is 535.11 feet.
At the close of the State's case, appellant moved for a directed verdict on the charges, including the enhancement charge. He renewed his objection to Officer Napier's testimony and to lack of due process, arguing nothing demonstrated that appellant knew that the church was there. The court denied the motions without explanation. At the close of the evidence, appellant renewed the motions, which the court again denied.
On appeal, appellant contends that the circuit court erred in denying his motion to dismiss the enhancement charge brought pursuant to Arkansas Code Annotated section 5-64-411(a)(1)(B), (a)(2)(H) because there was no proof of a mental state to sustain the conviction. He cites Small v. State , 2018 Ark. App. 80, 543 S.W.3d 516, in support of his argument. In Small , we held that section 5-64-411 requires a culpable mental state. 2018 Ark. App. 80, at 5-6, 543 S.W.3d at 520. Because the statute does not prescribe a culpable mental state, we held that one must be imputed under Arkansas Code Annotated section 5-2-203(b), which provides that if a statute defining an offense does not prescribe a culpable mental state, one is nonetheless required and "is established only if a person acts purposely, knowingly, or recklessly." Ark. Code Ann. § 5-2-203(b) (Repl. 2013).
This court treats a motion for directed verdict as a challenge to the sufficiency of the evidence. Hinton v. State , 2015 Ark. 479, 477 S.W.3d 517. We will affirm the denial of a motion for directed verdict if substantial evidence, direct or circumstantial, supports the verdict. Matlock v. State , 2015 Ark. App. 65, 454 S.W.3d 776.
The State recognizes that we handed down Small after the jury trial in this case and that the enhancement statute requires *584 a culpable mental state. The State argues, however, that substantial evidence exists that appellant acted recklessly in possessing with the purpose to deliver methamphetamine within 1000 feet of a church, and it urges us to affirm the circuit court for reaching the right result for a different reason. See also Silmon v. State , 2018 Ark. App. 388, 557 S.W.3d 266. We decline the suggestion. The court in this case instructed the jury that appellant was guilty of the enhancement offense if it found beyond a reasonable doubt that he committed the methamphetamine offense within 1000 feet of a church. Because the circuit court erred in concluding that section 5-64-411 does not require a culpable mental state and improperly instructed the jury, we reverse and remand.
Reversed and remanded.
Glover and Murphy, JJ., agree.

Appellant's sentences were also subject to a habitual-offender enhancement.