Cite as 2019 Ark. App. 538

# ARKANSAS COURT OF APPEALS

DIVISION II

No. CR-19-374

| | |
|---|---|
| ANITA ROWTON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** November 13, 2019<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT<br>[NOS. 43CR-13-496 & 43CR-18-305]<br><br>HONORABLE BARBARA ELMORE, JUDGE<br><br>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

## KENNETH S. HIXSON, Judge

Appellant Anita Rowton was serving probation in case number 43CR-13-496 (hereinafter referred to as 13-496). While on probation, appellant was involved in a motor-vehicle accident, wherein she was cited with driving while intoxicated (DWI), refusal to submit to a chemical test, and careless and prohibited driving. Appellant was convicted of all three offenses in a bench trial in the Lonoke County Circuit Court in case number 43CR-18-305 (hereinafter referred to as 18-305). Appellant was sentenced to an aggregate term of twelve months in the county jail. Immediately following the bench trial, appellant was tried and found guilty of violating the terms and conditions of her probation in 13-496. The circuit court sentenced appellant to serve an aggregate term of eighteen months' imprisonment. On appeal, appellant contends that there was insufficient evidence to convict her of DWI in 18-305 and that there was insufficient evidence that she violated the terms

and conditions of her probation in 13-496. However, we are unable to reach the merits at this time. We remand to settle and supplement the record, and we order rebriefing after the record is settled and supplemented.

I. *Relevant Facts*

A. Case Number 43CR-18-305

On February 2, 2018, appellant's vehicle ran off the road when she was driving around a sharp curve. The front air bags deployed, and the vehicle was left inoperable and wedged on top of a tree stump. Law enforcement arrived and observed her behavior at the scene.[1] The officer testified that appellant was generally disoriented, incoherent, and had slurred speech. Appellant was transported to the sheriff's department where she was given a breathalyzer test. Appellant tested 0.00%. The officer then requested that appellant submit to a urinalysis, and appellant refused. Appellant was arrested and charged with DWI in violation of Arkansas Code Annotated section 5-65-103 (Repl. 2016), refusal to submit to chemical test in violation of Arkansas Code Annotated section 5-65-205, and careless and prohibited driving in violation of Arkansas Code Annotated section 27-51-104. The circuit court held a bench trial on December 5, 2018.

According to appellant's statement of the case in her brief on appeal, she was found guilty by the Lonoke County District Court, and she appealed to the circuit court.

---

[1]The State introduced into evidence the officer's dash-camera video. This video was played for the trial court, and the State contended that it was evidence of appellant's impairment. Although the video is included as an exhibit in our record, it is not contained in appellant's addendum as required. *See* Ark. Sup. Ct. R. 4-2(a)(8)(A)(i).

According to the transcript contained in our record on appeal, at the conclusion of the bench trial, the circuit court orally found appellant guilty.

> Now I'm going to take into consideration everything. I'm going to take into consideration what I saw on the video. And she was swaying. I -- I was beginning to sway with her. Okay? She was swaying. And she did have -- was slurred. And I just -- I don't think her motor skills and her judgment was up to par. I believe that those combinations of everything, if you take into combination everything -- her statement, her reactions, her rambling on, consistently rambling on, talking when other people were trying to tell her not to talk, her behavior indicated to me that she was intoxicated. So I'm finding her guilty.

Despite our record containing a circuit court trial transcript *finding appellant guilty*, on January 9, 2019, the circuit court filed a sentencing order indicating that appellant voluntarily, intelligently, and knowingly entered a *guilty plea* on each of the three charges. The sentencing order reflects that appellant was sentenced to serve twelve months in the county jail for DWI and three months in the county jail for refusal to submit to a chemical test. Further, the circuit court did not check any box regarding whether it had found her guilty or sentenced her on the charges, no sentence is listed for careless and prohibited driving, the total time to be served for all offenses was left blank, and the circuit court checked the box that this case was *not* an appeal from district court. Hence, the record on appeal contains inconsistencies that must be settled as discussed below.

B. Case Number 43CR–13–496

On April 7, 2014, appellant pleaded guilty in the Lonoke County Circuit Court in 13-496 to breaking or entering in violation of Arkansas Code Annotated section 5-39-202, theft of property in violation of Arkansas Code Annotated section 5-36-103(b)(3)(A), third-degree escape in violation of Arkansas Code Annotated section 5-54-112, and public intoxication in violation of Arkansas Code Annotated section 5-71-212. Appellant was

3

placed on probation for seventy-two months for the breaking-or-entering and theft-of-property charges, twelve months for the third-degree-escape charge, and thirty days for the public-intoxication charge.

On February 16, 2018, the State filed a petition to revoke appellant's probation, alleging that appellant had violated her terms and conditions of probation by failing to do the following:

1. Defendant failed to report on 5/17/17.

2. Defendant was arrested for Careless Driving, DWI 1st and Refusal to Submit to Chemical Test on 2/3/18.

3. Defendant tested positive for alcohol on 5/18/17.

4. Defendant was not truthful when she denied consuming alcohol on 5/18/17.

The circuit court held a revocation hearing immediately following appellant's bench trial in 18-305.

According to the transcript contained in our record on appeal, at the conclusion of the revocation hearing, the circuit court orally found appellant in violation of her terms and conditions of probation.

> Well, she tested positive for the alcohol and she denied it, then she I don't know what happened but she did test positive, and she was arrested for the careless driving, the DWI, and the refusal, and she was *found guilty of that in District Court, appealed it, and has been found guilty again and has a right to appeal that too.* And she failed to report. Now I can see maybe the confusion on this failing to report, but I don't see any confusion on having alcohol in the middle of the day. I don't see that. *I believe that they've proved that on the petition to revoke that she violated the rules of probation.*

(Emphasis added.)

However, on January 9, 2019, despite our record containing a hearing transcript that purports to find appellant guilty, the circuit court again entered a sentencing order indicating

4

that appellant voluntarily, intelligently, and knowingly entered a *guilty plea* to the revocation violations on each of the four charges. The sentencing order reflects that appellant was sentenced to serve eighteen months' imprisonment for the charges of breaking or entering and theft of property. The sentencing order additionally reflects that appellant was sentenced to serve twelve months' imprisonment for third-degree escape and one-month imprisonment for public intoxication. Thus, because the sentences were to be served concurrent, appellant was sentenced to serve a total of eighteen months' imprisonment. As in 18-305 above, the record on appeal contains inconsistencies that must be settled as discussed below.

II. *Jurisdictional and Procedural Issues*

Unfortunately, we are unable to address the merits of appellant's points on appeal at this time due to several jurisdictional and procedural issues. In 18-305, our record on appeal is inconsistent, and we are unable to determine our jurisdiction to review the merits of appellant's arguments on appeal. First, the sentencing order indicates that this case is *not* an appeal from district court. However, our record contains certified copies of *the district court docket sheets* in which it appears that appellant was found guilty of all three charges. That said, our record does not contain evidence of any of the other documents enumerated in Arkansas Rule of Criminal Procedure 36(c) that are necessary to perfect an appeal. *See also Latham v. State*, 2019 Ark. App. 323, 578 S.W.3d 732. Further, the circuit court did not check any box on the sentencing order regarding whether it had found appellant guilty or sentenced her on the charges, no sentence is listed for careless and prohibited driving, and the total time to be served for all offenses was left blank. Finally, despite our record

5

containing a trial transcript, the sentencing order indicates that appellant voluntarily, intelligently, and knowingly *entered a guilty plea* on each of the three charges.

In 13-496, despite our record containing a revocation-hearing transcript that purports to find appellant guilty, the circuit court entered a sentencing order indicating that appellant voluntarily, intelligently, and knowingly *entered a guilty plea* to the revocation violations on each of the four charges. Thus, it is unclear to this court whether the circuit court found that appellant violated the terms and conditions of her probation or whether appellant pled guilty to the violation. Moreover, the circuit court did not check any box on the sentencing order regarding whether it had found her guilty or sentenced her on the charges.

Because our record on appeal is inconsistent with respect to whether 18-305 originated in district court and whether appellant entered guilty pleas in 18-305 and 13-496 (each issue has direct implications to the jurisdiction of this court), we must remand for the circuit court to settle and supplement the record within thirty days of the date of this order. *See Hart v. State*, 2017 Ark. App. 130; *Newton v. State*, 2015 Ark. App. 375. We also direct the circuit court to correct the sentencing orders in both cases. Upon correction and supplementation of the record, appellant shall have fifteen days in which to file a substituted abstract, addendum, and brief. *See* Ark. Sup. Ct. R. 4-2(b)(3). The State may revise or supplement its brief within fifteen days of the filing of appellant's brief or may rely on its previously filed brief. We encourage appellant's counsel to review Rule 4-2 to ensure that the substituted brief complies with the rule and that no additional deficiencies are present.

Remanded to settle and supplement the record; rebriefing ordered.

ABRAMSON and VIRDEN, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.