Cite as 2021 Ark. App. 10

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–20–57

| | | |
|---|---|---|
| ROBERT DEAN BALL | | **Opinion Delivered** January 13, 2021 |
| | APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-19-209] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE GARY COTTRELL, JUDGE |
| | | REBRIEFING ORDERED; MOTION TO BE RELIEVED DENIED |

## N. MARK KLAPPENBACH, Judge

This is a no-merit appeal filed on behalf of appellant Robert Dean Ball following the revocation of his probation. Ball's counsel filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k) (2019), along with a motion to be relieved as counsel. We deny the motion to be relieved and order rebriefing.

A request to withdraw on the ground that an appeal is wholly without merit shall be accompanied by a brief, including an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party together with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Bohanon v. State*, 2020 Ark. App. 22, 594 S.W.3d 92. In considering a no-merit brief, we must determine whether, after a full examination of the

proceedings, there is any nonfrivolous basis for an appeal. *Id.* The test for filing a no-merit brief is not whether there is any reversible error but whether an appeal would be wholly frivolous. *See Macleod v. State*, 2017 Ark. App. 388. Appellate counsel has appropriately identified the adverse rulings. Appellate counsel has not, however, demonstrated that an appeal of the circuit court's decision to revoke Ball's probation would be wholly without merit, so we deny counsel's motion to withdraw and order rebriefing. *See Wilson v. State*, 2019 Ark. App. 7, 569 S.W.3d 340.

Ball was charged with felony possession of drug paraphernalia. On August 12, 2019, Ball appeared before the circuit court and entered a guilty plea in exchange for a three-year term of probation. On August 23, 2019, the sentencing order was filed, and it required Ball "to complete 15 days community service" and to pay approximately $1,500 in fines, fees, and costs in installments of "$65 per month begin 30 days after comm. service." On September 10, 2019, the State filed a petition to revoke alleging that as of September 9, 2019, Ball had "failed to report to complete his community service."

At the hearing conducted in November 2019, the community-service supervisor, Kevin Starr, testified that Ball showed up on August 12 to sign up for community service. Ball admitted to Starr that he would not pass a drug test, so Starr told Ball to come back to start his community service on September 3. Ball did not come back, nor did Ball answer Starr's telephone calls, so Starr "turned him in" on September 10. The circuit court revoked Ball's probation. Ball was sentenced to serve six years in prison, to resume payments

beginning sixty days after his release, and to complete long-term drug-and-alcohol treatment while in prison.[1] This appeal followed.

Contrary to appellate counsel's suggestion, Ball was not required to move for a directed verdict in the revocation proceeding. A challenge to the sufficiency of the evidence may be raised for the first time in an appeal of a revocation in the absence of a motion for a directed verdict or motion to dismiss. *Rowton v. State*, 2020 Ark. App. 174, 598 S.W.3d 522. In a revocation proceeding, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, and on appellate review, we do not reverse the circuit court's decision unless it is clearly against the preponderance of the evidence. *Id.*

The circuit court revoked Ball's probation for failure to complete fifteen days of community service. The sentencing order, however, did not require Ball to complete that service within the first month of his three-year term of probation. Furthermore, the alleged violation was failing to report to complete the community service, not failing to complete the community service. Counsel asserts merely that this violation was dependent on credibility determinations made by the circuit court.

We do not determine whether error exists but determine only whether an appeal would be wholly without merit. Under that standard, we deny counsel's motion to be relieved and order rebriefing. Counsel has thirty days from the date of this opinion in which to submit an appellate brief.

---

[1]This appears to be an illegal sentence to the extent that it requires Ball to complete treatment while incarcerated. *See Murphy v. State*, 2013 Ark. 155.

Rebriefing ordered; motion to be relieved denied.

VIRDEN and WHITEAKER, JJ., agree.

*King Law Group PLLC*, by: *Natalie S. King*, for appellant.

One brief only.