Cite as 2021 Ark. App. 209

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–20–57

| | | |
|---|---|---|
| ROBERT DEAN BALL | | **Opinion Delivered** May 5, 2021 |
| | APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-19-209] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE GARY COTTRELL, JUDGE |
| | APPELLEE | |
| | | REVERSED |

### N. MARK KLAPPENBACH, Judge

This appeal returns to us after we ordered rebriefing in *Ball v. State*, 2021 Ark. App. 10. On appeal, Ball asserts that the circuit court clearly erred by revoking his probation. We agree and reverse.

In March 2019, Ball was charged with felony possession of drug paraphernalia. On August 12, 2019, Ball appeared before the circuit court and entered a guilty plea in exchange for a three-year term of probation with certain conditions. On August 23, the sentencing order was filed, and it required Ball "to complete 15 days community service" and to pay approximately $1,500 in fines, fees, and costs in installments of "$65 per month begin 30 days after comm. service." The circuit court's docket entry reflects these terms of probation as well. On September 10, the State filed a petition to revoke alleging that as of September 9, 2019, Ball had "failed to report to complete his community service."

At the hearing conducted in November 2019, the community-service supervisor, Kevin Starr, testified that Ball showed up on August 12 to sign up for community service. Ball admitted to Starr that he would not pass a drug test, so Starr told Ball to come back to start his community service on September 3. Ball did not come back, nor did Ball answer Starr's telephone calls, so Starr "turned him in" on September 10. The circuit court revoked Ball's probation, remarking from the bench that the State had proved by a preponderance of the evidence that Ball "failed to complete the Community Service work[.]" Ball was sentenced to serve six years in prison, to resume payments beginning sixty days after his release, and to complete long-term drug-and-alcohol treatment while in prison.[1]

This appeal followed, and Ball challenges the sufficiency of the evidence to support revoking his probation. In a revocation proceeding, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, and on appellate review, we do not reverse the circuit court's decision unless it is clearly against the preponderance of the evidence. *Rowton v. State*, 2020 Ark. App. 174, 598 S.W.3d 522.

Specifically, Ball asserts that neither his three-year probation, nor the community-service rules, required him to complete fifteen days of community service by any particular time and certainly not at the very beginning of his three-year probation. We have held that a circuit court cannot revoke a defendant's probation due to failure to complete community service by a deadline imposed by the probation office, rather than by end of the probation

---

[1]This appears to be an illegal sentence to the extent that it requires Ball to complete treatment while incarcerated. *See Murphy v. State*, 2013 Ark. 155. The State concedes that this is an illegal sentence.

period, where written notice of the terms of probation did not explicitly impose a deadline prior to end of the probation period. *See Wade v. State*, 64 Ark. App. 108, 983 S.W.2d 147 (1998).

The circuit court revoked Ball's probation for failure to complete fifteen days of community service. While Ball entered his guilty plea in court on August 12 and reported to the community-service supervisor the same day, he was sent away and was told not to come back for three weeks. The sentencing order was not filed of record until August 23, and the State alleged Ball was in violation by not having reported for community service by September 9. The State's petition to revoke was filed just seventeen days after the sentencing order was filed, although the sentencing order did not require Ball to report for or complete his fifteen days of community service within the first seventeen days of his three-year probation term. Furthermore, the alleged violation presented by the State was failing to *report* to complete the community service, yet the circuit court found that Ball's violation was failure to *complete* his fifteen days of community service.[2]

The State concedes that this would present reversible error but only if Ball had brought up an appellate record containing the written conditions of Ball's probation. We disagree. The reason for the statutory requirement to give a defendant conditions in writing is to avoid any misunderstanding. *Gilbreth v. State*, 2020 Ark. App. 86, 596 S.W.3d 29. This requirement comports with due process; circuit courts have no power to imply and then later revoke on conditions that were not expressly communicated in writing to the

---

[2]Even if Ball had reported for community service on the date Mr. Starr told him to come back, it appears that it would have been impossible for Ball to *complete* fifteen days of community service by September 9 because that was only one week later.

3

defendant.  *Id*.  Here, the sentencing order expresses in writing the requirement of Ball "to complete 15 days community service." In fact, the prosecuting attorney remarked at the end of the revocation hearing that the sentencing order contained in writing the requirement that he complete fifteen days of community service.  Ball has successfully argued that the State failed to prove that he violated that written condition and that the circuit court clearly erred.

For the foregoing reasons, we reverse the revocation of Ball's probation.

Reversed.

WHITEAKER and VAUGHT, JJ., agree.

*King Law Group PLLC*, by: *Natalie S. King*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.