Cite as 2025 Ark. App. 475

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-25-30

KIMBERLY WALDIE

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered October 8, 2025

APPEAL FROM THE SEBASTIAN
COUNTY CIRCUIT COURT,
GREENWOOD DISTRICT
[NO. 66GCR-18-81]

HONORABLE STEPHEN TABOR, JUDGE

AFFIRMED IN PART; REVERSED
AND DISMISSED IN PART

**KENNETH S. HIXSON, Judge**

This is a revocation case. On August 24, 2018, appellant Kimberly Waldie pleaded

guilty to one count of possession of methamphetamine and two counts of possession of drug

paraphernalia. On August 28, 2018, the trial court entered a sentencing order placing

Kimberly on six years' probation for possession of methamphetamine and a five-year

suspended imposition of sentence (SIS) for each count of possession of drug paraphernalia.

The conditions of Kimberly's probation required her to report to the probation office, follow

its rules and regulations, and pay a $35 monthly supervision fee.

On April 8, 2024, the State filed a petition to revoke alleging that Kimberly violated

the conditions of her probation and suspended sentences because she failed to report to

probation as instructed and failed to keep her probation officer informed of her current

employment status. An initial revocation hearing was conducted in September 2024 and resumed on December 12, 2024, wherein the State presented proof in support of its allegations. On December 20, 2024, the trial court entered a sentencing order revoking Kimberly's probation and suspensions and sentencing her to concurrent prison terms of three years followed by a three-year SIS for each offense.

Kimberly now appeals from the revocation of her probation and suspended sentences. Kimberly raises two arguments. First, she argues that the trial court illegally sentenced her on possession of methamphetamine because the trial court never found her guilty of violating the terms of her probation. Next, Kimberly contends that the trial court illegally sentenced her on the revocation of her SIS for two counts of possession of drug paraphernalia because her suspended sentences for those offenses had expired before the State filed its petition to revoke. The State concedes error under this second point. We affirm the probation revocation, and we reverse the revocation of Kimberly's suspended sentences.

The standard of review in revocation cases is well settled. Pursuant to Arkansas Code Annotated section 16-93-308(d) (Supp. 2023), the burden on the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with a condition of his suspension or probation. The State need only prove one violation to sustain the revocation. *Palmer v. State*, 2023 Ark. App. 178, 663 S.W.3d 436. We will not reverse a decision revoking a suspension or probation unless the trial

2

court's findings are clearly against the preponderance of the evidence, and we defer to the credibility determinations made by the trial court. *Id.*

After the initial revocation hearing held in September 2024, the trial court found that there were deficiencies in Kimberly's reporting but elected to give her an opportunity to correct the deficiencies. The revocation hearing resumed three months later on December 12, 2024, and the State introduced an exhibit reflecting that Kimberly had failed to report to probation on three occasions between May 2023 and April 2024 and that she had an outstanding balance of $210 on her supervision fees.

Appellant's probation officer, Hunter Bruce, testified that he had been supervising Kimberly's probation since September 24, 2024. Mr. Bruce testified that because Kimberly still owed supervision fees, she was instructed to report weekly until the supervision fees were paid, at which time she would no longer be required to report. He stated that Kimberly failed to report as directed the next week. After Kimberly missed that probation appointment, Mr. Bruce tried to reach her by phone, but there was no answer or call back, and he also left written reporting instructions at the residence she had listed on file. Kimberly did not report on the date provided in the written instructions.

Kimberly testified that she attempted to pay off her supervision fees, but the payment did not go through. Kimberly stated that because she thought she had made the final payment toward the fees, she was under the impression that she no longer had to report. Kimberly denied seeing any written reporting instructions at her residence and stated that during that time, she was in the process of moving.

At the conclusion of the December 12, 2024 revocation hearing, the trial court made the following oral pronouncement from the bench:

> I have heard this case twice. I have heard very similar testimony from the defendant twice. After hearing this back in September, what I heard was what I heard today, which is a litany of excuses. And at that time I elected to give Ms. Waldie an opportunity to correct the deficiencies in her reporting, which were similar to what I am hearing today, and she failed to do it. It's plain and simple. She's failed to do it. So, I do find that, Ms. Waldie, that you have violated the terms of your suspended sentences and they should be set aside. You are hereby found guilty of possession of methamphetamine and two counts of possession of drug paraphernalia.

The trial court subsequently entered a sentencing order revoking Kimberly's probation and suspensions and sentencing her to concurrent prison terms of three years followed by a three-year SIS for each offense. Kimberly now appeals, challenging the sentences for the revocation of her probation and the revocation of her suspended sentences.

I. *Points on Appeal*

A. The Trial Court Illegally Sentenced Kimberly on the Possession-of-Methamphetamine Conviction Because the Trial Court Never Found Her Guilty of Violating the Terms of Her Probation

Kimberly was on six years' probation for possession of methamphetamine. For her first point on appeal, Kimberly argues that because the trial court never found that she violated the conditions of her *probation*, the sentence imposed for that offense was void and illegal.[1] Kimberly notes that in its oral pronouncement from the bench at the conclusion of the revocation hearing, the trial court found that she "violated the terms and conditions of

---

[1]Kimberly does not argue that there was insufficient evidence that she committed a probation violation.

4

[her] *suspended sentences*." Kimberly argues that because there was no finding by the trial court that she violated the conditions of her probation, the judgment as to that count should be reversed and dismissed.

We conclude that the trial court did find that Kimberly violated the conditions of her probation and that it therefore had the authority to revoke her probation and impose a sentence for possession of methamphetamine. Kimberly was serving both probation and suspended sentences, and she contends that the trial court lacked jurisdiction to sentence her on count one because it did not specifically use the word "probation" in its oral pronouncement. However, it is clear by context that the trial court found that she violated the terms of her probation because during its pronouncement from the bench, the trial court stated, "You are hereby found guilty of possession of methamphetamine"–which was the only offense for which she was on probation–and sentenced her accordingly. The difference between probation and a suspension is that probation is supervised by a probation officer and a suspension is not. Ark. Code Ann. § 5-4-101(3), (7) (Repl. 2024); *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992). The trial court specifically found in its oral ruling that Kimberly had failed to report to probation, which was undeniably a violation of her conditions of probation. Finally, with respect to the possession-of-methamphetamine charge in the written sentencing order, the trial court noted that this was a "Probation/SIS Revocation" and that Kimberly was found guilty by the court and sentenced by the court on this charge. A judgment is only effective when it is filed, and the trial court's written order controls. *Barefield v. State*, 2024 Ark. 141, 696 S.W.3d 822. It is clear that the trial court

5

found that Kimberly violated the conditions of probation for possession of methamphetamine; accordingly, we hold that there was no error in sentencing her to three years in prison followed by a three-year SIS for that offense.

B.  The Trial Court Illegally Sentenced Kimberly on the Two Counts of Possession of Drug Paraphernalia Because Her Suspended Sentences for Those Offenses had Expired Before the State Filed Its Petition to Revoke

Kimberly next argues that the trial court erred in sentencing her on the two counts of possession of drug paraphernalia because her suspended sentences for those offenses had expired before the State filed its petition to revoke.  The State concedes error on this point, and we agree.

Whether a trial court can revoke probation or a suspension after the expiration of the probation or suspension period is an issue of jurisdiction.  *Rowton v. State*, 2020 Ark. App. 174, 598 S.W.3d 522.  Although Kimberly did not raise a jurisdictional argument below, whether a trial court has jurisdiction to revoke probation or a suspension is an issue that we may address for the first time on appeal.  *Id.*

Arkansas Code Annotated section 16-93-308(d) (Supp. 2023) provides that if a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension of sentence or probation, the court may revoke the suspension of sentence or probation at any time prior to the expiration of the period of suspension of sentence or probation.  A court may revoke a suspension or probation subsequent to the expiration of the period of suspension or probation if before expiration of the period:

6

(1) The defendant is arrested for violation of suspension or probation;

(2) A warrant is issued for the defendant's arrest for violation of suspension or probation;

(3) A petition to revoke the defendant's suspension or probation has been filed if a warrant is issued for the defendant's arrest within thirty (30) days of the date of filing the petition; or

(4) The defendant has been:

> (A) Issued a citation in lieu of arrest under Rule 5 of the Arkansas Rules of Criminal Procedure for violation of suspension or probation; or

> (B) Served a summons under Rule 6 of the Arkansas Rules of Criminal Procedure for violation of suspension or probation.

Ark. Code Ann. § 16-93-308(f).

On August 28, 2018, Kimberly was placed on a five-year SIS for committing two counts of possession of drug paraphernalia. These suspensions expired on August 28, 2023, which was almost eight months before the State's petition to revoke the suspensions was filed on April 18, 2024. As such, we must reverse and dismiss the trial court's judgment as it relates to those two charges.

## II. *Conclusion*

In conclusion, we find no merit to Kimberly's first point on appeal, and we affirm the revocation of her probation and the resulting sentence for possession of methamphetamine. We agree with Kimberly's second point, and we reverse and dismiss the revocations of her two suspended sentences for possession of drug paraphernalia.

Affirmed in part; reversed and dismissed in part.

ABRAMSON and THYER, JJ., agree.

*Erin W. Lewis*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.